UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TEVIS HAGGARD,

    Plaintiff,

    v.

WINCO FOODS, LLC,

    Defendant.

No. 2:18-cv-01797-MCE-EFB

**MEMORANDUM AND ORDER**

By way of the present action, Plaintiff Tevis Haggard ("Plaintiff"), on behalf of himself and a putative class, seeks damages, injunctive relief, declaratory relief and restitution from Defendant WinCo Foods, LLC ("Defendant") as a result of alleged unpaid wages and lack of rest periods while Plaintiff was working for Defendant. Plaintiff's operative First Amended Complaint sets forth seven causes of action. The first six, based on California Labor Code violations, are wage and hour class claims: (1) failure to pay all straight time wages, (2) failure to pay all overtime wages, (3) failure to provide meal periods, (4) failure to authorize and permit rest periods, (5) knowing and intentional failure to comply with itemized employee wage statement provisions, and (6) failure to pay all wages due at the time of termination of employment. Plaintiff further asserts a seventh claim for unfair competition under California law. Presently before the Court is Defendant's Motion to Dismiss, ECF No. 5, brought pursuant to Federal Rule of Civil

Procedure 12(b)(6). Alternatively, Defendant seeks to strike, under Rule 12(f), certain remedies sought in Plaintiffs' complaint, including the penalties requested in the unfair competition claim and all requests for injunctive relief.[1]  For the reasons stated below, Defendant's Motion is GRANTED with leave to amend.[2]

**BACKGROUND**

Plaintiff was employed by Defendant as a non-exempt hourly paid overnight freight stocker in California. First Amended Complaint, ("FAC"), ¶ 26. He terminated his employment with Defendant sometime in November of 2016. Def.'s Request for Judicial Notice ("RJN"), Ex. A.[3] On February 6, 2018, Plaintiff filed his original complaint against Defendant in Sacramento County Superior Court alleging claims under California's Private Attorneys General Act of 2004 ("PAGA"). On May 3, 2018, Defendant filed a demurrer to Plaintiff's original complaint. ECF No. 1. Instead of filing an opposition to the demurrer, Plaintiff filed a FAC on May 29, 2018. Motion at 1. In his FAC, Plaintiff eliminated the previously asserted PAGA claims, instead pursuing a class action on behalf of non-exempt hourly warehouse workers, distribution employees, and overnight freight workers for California Labor Code violations as well as a derivative class claim for unfair competition under California Business and Professions Code § 17200, et seq. On June 22, 2018, Defendant removed the action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). ECF No. 1.

////

---

[1] As set forth below, because the Court determines that Plaintiff's Complaint in its entirety fails to state a viable claim under Rule 12(b)(6), it need not address Defendant's alternative request to strike portions of the Complaint under Rule 12(f) and declines to do so.

[2] Having determined that oral argument would not be of material assistance, the Court submitted this matter on the briefs in accordance with E.D. Local Rule 230(g).

[3] Defendant has requested, pursuant to Federal Rule of Evidence 201, that the Court judicially notice Defendant's Notice of Labor Cole Violations submitted to California's Labor and Workforce Development Agency on or about November 16, 2017. That request is unopposed and is GRANTED.

2

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their

complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Defendant moves to dismiss Plaintiff's FAC in its entirety for failure to state a claim for relief. Primarily, Defendant argues that Plaintiff provides virtually no factual details to corroborate his claims and that the FAC thus includes nothing more than a recitation of the elements of the causes of action.

In support of this argument, Defendant relies on Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014), where the appellate court held that

4

although detailed factual allegations are not necessary for wage and hour claims, a Plaintiff must still assert some facts in order to survive pleadings scrutiny. In <u>Landers</u>, the plaintiff asserted wage claims under the Fair Labor Standards Act but the complaint failed to include any details regarding working in excess of forty hours or lack of payment for working overtime. As explained below, the Court agrees that the FAC fails to state enough facts to make the minimum showing required under <u>Landers</u> for viable wage and hour claims.

        **A.**     **Plaintiff's First Through Fourth Causes of Action**

First, the FAC alleges that Defendant did not pay Plaintiff for all time worked and for every day he worked without a meal period. FAC, ¶ 76. Moreover, Plaintiff alleges that Defendant had a practice of engaging in what he refers as "shaving time," which occurred when Defendant deducted time that was actually worked. FAC, ¶ 77. As a result, Plaintiff further alleges that Defendant failed to pay for these deductions. FAC, ¶ 77.

However, that is where the allegations end. Plaintiff fails to assert facts related to the times when Defendant failed to pay the straight time wages. Nor does Plaintiff include any dates that would allow the Defendant or this Court to ascertain that there was in fact a failure to pay wages. Plaintiff also fails to include dates when hours were purportedly deducted. Instead, Plaintiff's claim only recites the elements of the cause of action in the form of conclusory statements before stating that each particular element applies to Plaintiff. Plaintiff fails, for example, to provide even one specific occasion when off-the-clock work was required, why it was required, and the amount of time he purportedly worked "off-the-clock." In sum, the FAC does not allege facts that would help this Court determine when the failure to pay wages took place, and his First Cause of Action is therefore DISMISSED with leave to amend.

Plaintiff's second, third, and fourth causes of action allege that Defendant failed to pay overtime wages when employees worked over eight hours per day or more than forty hours per week and allege that Defendant also failed to provide meal and rest

periods. Those arguments likewise fail. The FAC lacks any facts identifying any instances when Plaintiff actually worked overtime without compensation or was not provided required meal and rest breaks. Accordingly, his Second, Third and Fourth Causes of Action are DISMISSED as well.

### B. Plaintiff's Fifth Cause of Action

By way of his Fifth Cause of Action, Plaintiff argues that Defendant failed to provide itemized wage statements that included, among other things, gross wages earned, total hours worked by the employee, deductions, net wages earned, and all applicable hourly rates, in violation of Labor Code sections 226(b) and 1174. FAC, ¶¶ 115,116. According to Defendant, however, this claim must be dismissed because (1) Plaintiff has failed to state facts sufficient to constitute a claim for relief; (2) his claim is untimely; (3) there is no private right of action for failure to provide an itemized employee wage statement; and (4) Plaintiff's claim is derivative of claims that already fail absent facts sufficient to constitute a claim for relief.

The Court agrees that this claim is untimely. According to the FAC, Plaintiff concluded his employment with Defendant some time in November of 2016. RJN, Ex. A. Itemized wage statement violations are governed by a one-year statute of limitations. <u>Murphy v. Kenneth Cole Productions</u>, 40 Cal. 4th 1094, n.16 (2007). Since Plaintiff filed the present action on May 29, 2018, his claim falls outside the limitations period. Tacitly conceding this point, Plaintiff makes no argument in opposition to dismissal. Given this statutory bar, which Plaintiff does not contend can be cured, the Fifth Cause of Action is DISMISSED without leave to amend.

### C. Plaintiff's Sixth Cause of Action

Defendant moves to dismiss the Sixth Cause of Action, which alleges that Defendant did not timely pay Plaintiff straight, overtime or meal/rest period wages owed at the time of his termination, for the following reasons: (1) failure to state facts sufficient to constitute a claim for relief, and (2) Plaintiff's claim is derivative of claims which already fail to allege facts sufficient to constitute a claim for relief.

Again, the Court agrees with Defendant. This claim is entirely dependent on Plaintiff successfully articulating the foregoing causes of action for failure to pay wages or provide breaks. Because this Court has already determined that Plaintiff has failed to state sufficient facts to support those causes of action, the Sixth Cause of Action is also DISMISSED with leave to amend.

### D. Plaintiff's Seventh Cause of Action

Plaintiff claims that Defendant's failure to pay Plaintiff, and members of the proposed class, is a false, unfair, fraudulent, and deceptive business practice under the Unfair Competition Law, Section 17200 of the California Business and Professions Code ("UCL"). FAC, ¶ 133. Plaintiff seeks monetary damages and injunctive relief for this alleged violation. FAC, ¶ 137.

The instant claim fails for two reasons. First, if Plaintiff seeks to recover penalties or monetary damages for a violation of the UCL, Plaintiff cannot recover such amounts as this claim permits only the recovery of injunctive relief and/or restitution. See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 179 (1999). Second, Plaintiff's UCL claim, like his Sixth Cause of Action, is derivative of his substantive claims. FAC, ¶ 132. Because these claims have been found to not meet the minimum pleadings requirements under Landers, this cause of action is also DISMISSED with leave to amend.[4]

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED with leave to amend other than with respect to Plaintiff's Fifth Cause of Action, which is dismissed without leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to,

---

[4] Given that the Court has dismissed all of Plaintiff's claims, it need not address the viability of his class action allegations. Suffice it to say, however, that they too appear lacking.

file a Second Amended Complaint.  If no amended complaint is timely filed, Plaintiff's lawsuit will be dismissed, with prejudice and with no further notice to the parties.

IT IS SO ORDERED.

Dated:  January 10, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE